UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Bernard W. Thomas, | ) | CASE NO. 09 CV 1779 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| vs. | ) | |
| | ) | |
| United States of America, | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Defendant. | ) | |

**INTRODUCTION**

This matter is before the Court upon Defendant's Motion to Dismiss Plaintiff's Complaint (Doc. 10). This is a medical malpractice action. For the reasons that follow, the motion is DENIED.

**FACTS**

Plaintiff, Bernard W. Thomas, filed this lawsuit against defendant, United States of America, alleging wrongdoing in connection with medical care received by plaintiff from defendant.

On December 2, 1994, plaintiff was a patient at the Veteran's Medical Center in

1

Brecksville, Ohio. He was prescribed an increased dose of a certain medication in order to "calm him down." Plaintiff was not advised of the side effects. Thereafter, he began to feel dizzy. Plaintiff informed the nurse, who instructed him to get something to eat. Upon rising, plaintiff passed out and fell, hitting his head and the left side of his body. As a result, plaintiff suffered injuries.

Thereafter, plaintiff filed a complaint alleging medical malpractice under the Federal Tort Claims Act ("FTCA"). Defendant moves to dismiss the complaint and plaintiff opposes the motion.

**STANDARD OF REVIEW**

When a court's subject matter jurisdiction is challenged under Rule 12(b)(1) of the Federal Rules of Civil Procedure, the party seeking to invoke jurisdiction bears the burden of proof. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *Rogers v. Stratton*, 798 F.2d 913, 915 (6th Cir. 1986). This burden is not onerous. *Musson Theatrical, Inc. v. Federal Express Corp.*, 89 F.3d 1244, 1248 (6th Cir. 1996). The party need only show that the complaint alleges a substantial claim under federal law. *Id*.

A 12(b)(1) motion to dismiss may constitute either a facial attack or a factual attack. *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). Facial attacks question the sufficiency of the jurisdictional allegations in the complaint. *Id*. Thus, those allegations must be taken as true and construed in the light most favorable to the nonmoving party. *Id*. Factual attacks, however, challenge the actual fact of the court's jurisdiction. *Id*. In such cases, the truthfulness of the complaint is not presumed. *McGee v. East Ohio Gas Co.*, 111 F.2d 979, 982 (S.D. Ohio 2000) (citing *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320 (6th Cir. 1990)). Instead,

2

the Court may weigh any evidence properly before it. *Morrison v. Circuit City Stores, Inc.*, 70 F.Supp.2d 815, 819 (S.D. Ohio 1999) (citing *Ohio Nat'l*, 922 F.2d 320; *Rogers*, 798 F.2d 913).

**ANALYSIS**

Defendant argues that plaintiff failed to timely file an administrative claim. As such, this Court lacks jurisdiction over this matter.

In response, plaintiff offers his own affidavit. According to the affidavit, plaintiff appeared in person at the Cleveland VA Regional Office on November 29, 1996, and filled out Form 95, which is the form used to file a claim for damages. Plaintiff avers that he gave the completed form to a person located at the VA office, who assured plaintiff that the form would be processed. Plaintiff claims that the original Form 95 was returned approximately one year later. Nonetheless, plaintiff contacted the VA office and was assured that "he should not disturb the process." According to plaintiff, he wrote numerous letters inquiring about the claim, but never received a response. Plaintiff also attaches two forms filed with the Department of Veterans Affairs. It appears that these two forms were filed in connection with plaintiffs' attempt to obtain disability benefits. The first form, dated December 31, 1998, details the events surrounding the fall. The second form, dated December 14, 1999, expressly references that "Standard Form 95 dated 11-29-96 for Claim for Damage, Injury, or Death was filed within the two (2) year period of filing a FTCA claim...." According to plaintiff, in 2006, he learned that, in fact, his claim was not being processed. Plaintiff avers that he was told to send his claim to the regional counsel. Thereafter, plaintiff submitted the "original" claim again.

Defendant provides an affidavit from Charles Moore, the Veterans Service Center Manager with the Department of Veterans Affairs for the Cleveland VA Regional Office.

3

According to Moore's affidavit, the VA has a policy of date stamping all mail and hand delivered items. In addition, VA policy requires that any original document be certified and copied before it is returned to the claimant.[1] According to defendant, the document returned to plaintiff does not have a date stamp.

Upon review, the Court rejects defendant's claim that plaintiff failed to timely file an administrative claim. Defendant's challenge to this Court's jurisdiction is a factual attack in that it challenges the fact of this Court's jurisdiction. Accordingly, in resolving the dispute, the Court may consider evidence properly before it. Attached to the complaint is a Form 95 dated November 29, 1996. Plaintiff provides an affidavit indicating that he submitted this form in person at the VA department. In addition, plaintiff provides at least one other form submitted to the VA in connection with his claim for disability. In that form, which is dated December 14, 1999, plaintiff expressly indicates that he filed Form 95 on November 29, 1996. While not dispositive, the Court finds it compelling that plaintiff informed defendant in 1999 of his pending claim for injuries. It makes little sense that plaintiff would inform defendant of his "pending" claim if no such claim was actually pending. The only evidence defendant offers in response is

---

[1]   Notably absent from defendant's affidavit is any indication that defendant reviewed its files to determine what information exists regarding plaintiff. Defendant simply cites to general VA policy. Moreover, the Court is slightly concerned with defense counsel's apparent misunderstanding of the VA policy. The affidavit and supporting policy documents indicate that original documents are in fact returned to claimants. The certified copies (or memoranda in cases where reproduction is prohibited) are kept by the VA. Thus, counsel's argument that no original document would ever be returned to plaintiff is contradicted by defendant's own evidence.

the affidavit of Moore,[2] who avers that it is VA policy to date stamp materials received in person. According to defendant, the Form 95 plaintiff claims was returned lacks a date stamp. There is no evidence, however, that Moore performed a search for prior records or that prior records are lacking.[3] The lack of a date stamp is not sufficient to overcome the evidence offered by plaintiff. Accordingly, the Court finds that plaintiff timely filed his administrative claim. Having concluded that plaintiff timely filed his claim, the Court need not reach the parties' remaining arguments regarding tolling and equitable estoppel.

## **CONCLUSION**

For the foregoing reasons, Defendant's Motion to Dismiss Plaintiff's Complaint is DENIED.

IT IS SO ORDERED.


|  |  |
|---|---|
|  | /s/ Patricia A. Gaughan |
| Dated: 2/16/10 | PATRICIA A. GAUGHAN |
|  | United States District Judge |

---

[2] In support of is motion, defendant attaches the affidavit of Ronald Rank, an attorney with the Department of Veterans Affairs for the Cleveland VA Regional Office. Defendant offers this testimony in order to demonstrate that the claim was denied. The attorney concludes that since the document lacks a time stamp or other indication that it was received, the claim is outside the statute of limitations. This Court need not, however, accept the legal conclusions offered in an affidavit.

[3] Attached to the complaint is a letter from assistant general counsel for the VA who states that "no prior records" were found. This letter, however, is not evidence because counsel lacks personal knowledge of whether records exist.

5