**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Bernard W. Thomas, Sr.,** | ) | **CASE NO. 1:09 CV 1779** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| **United States of America,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| **Defendant.** | ) | |

**Introduction**

This matter is before the Court upon Defendant United States of America's Motion for Summary Judgment (Doc. 26). For the following reasons, the motion is GRANTED.

**Facts**

On July 31, 2009, plaintiff, Bernard W. Thomas, Sr., filed this Complaint against defendant, United States of America, pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671-2680 (FTCA).

The Complaint alleges the following. On December 2, 1994, while a patient at the Veteran's Medical Center in Brecksville, Ohio, plaintiff was given an increased dose of

1

Elavil.  Plaintiff was not told of the possibility of side effects.  Nor was he given any instructions by the nurse who administered the drug.  After the drug was administered, plaintiff began to feel dizzy.  Upon indicating this to the nurse, plaintiff was told to get something to eat.  On his way to get something to eat, plaintiff "passed out," and fell and hit his head and left side of his body on a wall.  Plaintiff was taken to the Wade Park Veterans Hospital in Cleveland, Ohio, but did not receive any x-rays or other diagnostic procedures.  As a result of the fall, plaintiff suffered injury to his cervical spine.  Plaintiff alleges that the treatment he received from both facilities amounts to professional negligence.

Plaintiff alleges that he timely filed an administrative claim as evidenced by Exhibit A to his Complaint, a form entitled Claim for Damage, Injury, or Death (hereafter, the claim), Standard Form 95, dated (but not time-stamped) November 29, 1996.  Plaintiff also submits as Exhibit B to his Complaint a letter dated February 12, 2009 from the Department of Veterans Affairs (sometimes referred to hereafter as VA), Office of the General Counsel, Washington D.C., denying his claim.  The letter states in pertinent part:

> We have now completed our review of your client's claim that was previously denied by the Cleveland Department of Veterans Affairs (VA) Regional Counsel on August 22, 2008, and it is again denied.
>
> Our review found no evidence that Mr. Thomas' medication caused him to fall as alleged in the claim or that he suffered an injury due to a negligent or wrongful act on the part of a VA employee acting within the scope of his or her employment.  Furthermore, decisions made on issues concerning benefits administered by the VA may not be reviewed under the Federal Tort Claims Act. See section 511, title 38, United States Code.
>
> The Regional Counsel received a Standard Form 95 on February 14, 2006.  There are no records of a prior claim being filed with that office.  Since your client became aware of the alleged nature and cause of his injury more than 2 years prior to the filing of the administrative claim, it is, therefore, barred by the statute of limitations, contained in 28 U.S.C. § 2401(b)...

2

Prior to answering the Complaint, defendant filed a Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction.  Defendant argued that although the claim is dated November 29, 1996, it was not filed with the Department of Veterans Affairs until February 14, 2006.   Defendant submitted the declaration of Ronald Renk who states in relevant part:

> I am the attorney that investigated the claim filed by [plaintiff] under the FTCA.  The aforementioned SF-95 [Standard Form 95, the claim] is date stamped received by the VA Regional Counsel, Cleveland, Ohio Office on February 14, 2006.  The original SF-95 has no other time stamp and shows no evidence that it was ever received by the Cleveland VA Regional Office and was placed in the veteran's claim file.

(Renk decl.)[1]   Plaintiff responded with his own affidavit wherein he states the following. Plaintiff traveled from Akron, Ohio on November 29, 1996, to the United States Post Office in Cleveland, Ohio where he acquired a Form 95.  He then went to the regional VA office in Cleveland where he filled out the claim.  He then took the form to the desk and gave it to someone behind the counter for filing.  Plaintiff was assured the form would be filed and processed.  Over a year later the original claim Form 95 was returned to him.  At that time, plaintiff thought the claim was being processed. When plaintiff called the VA office, he was told not to "disturb the process." He wrote numerous letters inquiring about the claim, but never received a response.  Plaintiff also sought disability benefits from the VA and in one form, dated December 14, 1999, he specifically referred to his November 29, 1996 Standard

---

[1]  A copy of the February 14, 2006 time-stamped Standard Form 95 claim is submitted as defendant's Exhibit A to plaintiff's deposition.

Form 95 claim.[2]  At some point in 2006, plaintiff was told to send his claim to the regional counsel.  After that, he learned that his claim had never been filed. (pltf. aff.)

This Court denied the Motion to Dismiss and found that plaintiff's claim was timely given that the lack of a date stamp on his original claim was insufficient to overcome plaintiff's averment that he submitted the claim in person at the VA office and later referred to the claim in another form submitted to the VA in connection with a disability claim.

Following denial of the Motion to Dismiss, plaintiff's deposition was taken.[3] Plaintiff's deposition testimony and documents submitted with the briefing on the Motion for Summary Judgment reveal the following.[4]  Plaintiff testified that he went to the regional office of the Veterans Administration in Cleveland, Ohio, on November 29, 1996, and submitted his Standard Form 95 claim.  Plaintiff did not receive a photocopy of the claim or see that it was time-stamped.  Plaintiff was never given a claim number for this claim. Beginning in 1990, plaintiff sought disability benefits from the VA for PTSD.  Plaintiff also sought disability based on the December 2, 1994 fall at issue herein. Plaintiff's disability claim was assigned claim number C 24 861 116.  According to plaintiff, after submitting his Standard Form 95 claim in 1996, plaintiff occasionally called the VA to inquire about his claim but he referred to the disability claim number during these inquiries and was told the claim was being processed.  Plaintiff states that he also wrote "letters" or "statements"

---

[2]  Plaintiff attaches two Statements in Support of Claim, dated December 31, 1998 and December 14, 1999, submitted in connection with his disability claim.  Each discusses the 1994 incident at issue herein.

[3]  A complete copy of the transcript was not filed with the Court.

[4]  Plaintiff relies on the affidavit he submitted in opposing the Motion to Dismiss, and offers no further evidence in opposing the Motion for Summary Judgment.

4

regarding his tort claim but plaintiff admits that these also reference the disability claim number. The one such "statement" referred to at plaintiff's deposition and submitted to the Court consists of a Statement in Support of Claim, dated July 22, 2005, referencing the disability number, and states in relevant part:

> My response to the Department of Veteran Affairs decision of October 30, 2003, is that this is a travesty and an injustice to me and my family.
>
> I filed a Standard Form 95 on November 29, 1996, and submitted this to the Department of Veteran Affairs. There has never been any response sent to me regarding this matter. This must be by design. I was never informed about what agency or which department of Veteran Affairs to forward this information to.
>
> It has been almost 11 years since I was injured at Brecksville VA Hospital while a patient there...
>
> Yes, I have been awarded 10% disability rating of service connection to my neck injury, but nothing for the pain and suffering that I have to endure for the rest of my life. ...
>
> In regards to filing an FTCA claim, more information should be given as to what specific agency should receive the claim.
>
> ...

Although plaintiff stated in his affidavit that "[o]ver a year later [from the November 29, 1996 date] the original Form 95 was returned" to him, plaintiff testified at deposition that the VA sent the Standard Form 95 back to him "sometime in 2005." Plaintiff believed this to be the date because it was mailed to his current address, which he did not move to until 2004. Plaintiff testified that he believed the original Standard Form 95 was sent to him in response to his written request to the VA that he have a copy of his file. Plaintiff, however, also

5

testified that he met with an attorney at the regional counsel's office in March 2007,[5] and that he recalled saying that he did not know when he received the original Standard Form 95 back but that it was returned when he asked for the papers back.[6]

Defendant submits the declaration of Charles Moore, Veterans Service Center Manager with the Department of Veterans Affairs located in the Cleveland VA Regional Office. Moore is the records custodian at that office and states the following. Under VA procedure, documents received by the VA become VA property. If a veteran wants an original returned, it is copied, certified as a true copy, and returned to the veteran. All mail and hand-delivered documents that come into the Regional Office are date stamped. When a veteran asks to review his claims file, a letter is sent advising the veteran as to when the claims folder will be available. When the veteran comes into the office, a VA employee is assigned to sit with the veteran to assist him and insure that the folder is not tampered with. Moore reviewed plaintiff's claims file C 24 861 116 and found the following. There is no evidence that a Standard Form 95 claim was ever received by the Cleveland VA Regional Office or that a certified copy was ever made of an original Standard Form 95 claim and retained in the claims folder as required by VA procedures. Moore also found that plaintiff was rated 100% disabled for PTSD on December 1, 2000 and received $2,213 per month from

---

[5] An unsworn transcript of the meeting is submitted by defendant.

[6] Defendant also asserts that plaintiff testified that he learned the SF-95 form was submitted to the wrong place approximately one year after he allegedly filed it with the VA Regional Office. But, plaintiff's deposition testimony is unclear. Plaintiff was asked, "What's the first recollection you have of learning that the claim form may have been submitted to the wrong place?" Plaintiff responded, "When I wasn't getting no response or recollection about it. And I didn't get no response, I would say, a year after I submitted it." (pltf. depo. 28)

that date.  Presently, he receives $2,823 per month in VA disability compensation benefits.  Plaintiff made a first request for a copy of his claims folder on September 12, 1994 (sent to him on December 1, 1994) and a second request was received on June 23, 1997 (sent to him on August 21, 1997).  No original documents were returned to plaintiff.  A "Rating Decision for VA compensation and disability claim made on October 30, 2003, rated plaintiff for disability for 1. DDD, cervical spine, 2. Radiculopathy, left arm, and 3. Donor graft site, left iliac crest." (Moore decl.)

This matter is now before the Court upon Defendant United States of America's Motion for Summary Judgment. Defendant again argues that the Court lacks subject matter jurisdiction.[7] Defendant alternatively argues that the Complaint must be dismissed for insufficiency of service of process.

**Standard of Review**

Summary Judgment is appropriate when no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986) (citing Fed. R. Civ. P. 56(c)); *see also LaPointe v. UAW, Local 600*, 8 F.3d 376, 378 (6th Cir. 1993).  The burden of showing the absence of any such genuine issues of material facts rests with the moving party:

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its

---

[7] Because the Court previously denied defendant's Motion to Dismiss, plaintiff asserts that the Court should not re-visit this issue given that the same factual analysis applies.  The Court, however, has additional evidence before it.  Moreover, the issue of subject matter jurisdiction may be assessed at any time in the litigation.  *See One Beacon Ins. Co. v. Chiusolo,* 295 Fed.Appx. 771 (6th Cir. 2008).

> motion, and identifying those portions of "the pleadings,
> depositions, answers to interrogatories, and admissions on file,
> together with affidavits," if any, which it believes demonstrates
> the absence of a genuine issue of material fact.

*Celotex*, 477 U.S. at 323 (citing Fed. R. Civ. P. 56(c)). A fact is "material only if its resolution will affect the outcome of the lawsuit." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).

Once the moving party has satisfied its burden of proof, the burden then shifts to the nonmoving party. Federal Rule of Civil Procedure 56(e) provides:

> When a motion for summary judgment is made and supported
> as provided in this rule, an adverse party may not rest upon the
> mere allegations or denials of [his] pleadings, but [his
> response], by affidavits or as otherwise provided in this rule,
> must set forth specific facts showing that there is genuine issue
> for trial. If he does not respond, summary judgment, if
> appropriate, shall be entered against him.

The court must afford all reasonable inferences and construe the evidence in the light most favorable to the nonmoving party. *Cox v. Kentucky Dep't. of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995) (citation omitted); *see also United States v. Hodges X-Ray, Inc.,* 759 F.2d 557, 562 (6th Cir. 1985). However, the nonmoving party may not simply rely on its pleading, but must "produce evidence that results in a conflict of material fact to be solved by a jury." *Cox*, 53 F.3d at 150.

Summary judgment should be granted if a party who bears the burden of proof at trial does not establish an essential element of his case. *Tolton v. American Biodyne, Inc.*, 48 F.3d 937, 941 (6th Cir. 1995) (citing *Celotex*, 477 U.S. at 322). Accordingly, "the mere existence of a scintilla of evidence in support of plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Copeland v. Machulis*, 57

8

F.3d 476, 479 (6th Cir. 1995) (quoting *Anderson*, 477 U.S. at 52 (1986)). Moreover, if the evidence is "merely colorable" and not "significantly probative," the court may decide the legal issue and grant summary judgment. *Anderson*, 477 U.S. at 249-50 (citation omitted).

**Discussion**

**(1) Statute of Limitations**

"The government has waived its sovereign immunity to suits for tort actions under the FTCA, but only insofar as the plaintiff has exhausted his administrative remedies. 28 U.S.C. § 2675(a)." *Blakely v. United States*, 276 F.3d 853 (6th Cir. 2002) (citing *Lundstrum v. Lyng*, 954 F.2d 1142, 1145 (6th Cir. 1991) ("A prerequisite to suit under the FTCA, ... is the exhaustion by the plaintiff of administrative remedies."). "Under the FTCA, a district court does not have jurisdiction over an action filed pursuant thereto if the plaintiff did not file an administrative claim within the two-year limitations period under 28 U.S.C. § 2401(b)." *Id.* In turn, the action must be filed in the district court within six months after the date of the mailing of the notice of final denial of the claim by the agency to which it was presented. *Ellison v. U.S.,* 531 F.3d 359 (6th Cir. 2008)

The burden of proof to establish presentment of the claim to the appropriate federal agency before commencing suit in federal court lies with the plaintiff. *Estate of Melendez v. Government of V.I.,* 2010 WL 2991045 (D.Virgin Islands 2010) (citing *Livera v. First National State Bank of New Jersey*, 829 F.2d 1186 (3rd Cir. 1989) ); *Eaton v. Medlink Georgia, Inc.,* 2008 WL 5191842 (M.D.Ga. 2008) ("Plaintiff bears the burden of proof with regard to proper and timely service of an administrative claim to [the appropriate federal agency]."); *Hinds v. Roper,* 2007 WL 3132277 (N.D.Texas 2007) ("Because exhaustion is a

9

jurisdictional prerequisite to bringing a claim for money damages against the United States under the FTCA, plaintiff has the burden of proof on this issue.")

On the basis of the evidence before it, the Court cannot conclude that plaintiff has satisfied his burden of proving that he timely presented his claim to the Veterans Administration prior to filing this lawsuit.

Plaintiff's Claim for Damage, Injury, or Death, Standard Form 95, is signed and dated November 29, 1996.  The claim states that it is being submitted to "Department of Veteran Affairs Regional Office" in Cleveland, Ohio.  The claim attached to plaintiff's Complaint contains no time-stamp.  Defendant submits the claim which is date stamped by the VA Regional Counsel, Cleveland, Ohio, on February 14, 2006.  Ronald Renk, the attorney who investigated the claim for defendant, states that the original claim has no other time stamp and shows no evidence that it was received by the Cleveland VA Regional Office.  Charles Moore, the records custodian of the Cleveland VA Regional Office, states that there is no evidence that a SF-95 was ever received by that office.

Although plaintiff testified that he went to the regional office of the Veterans Administration in Cleveland on November 29, 1996, and submitted his Standard Form 95 claim, he also testified that he did not  receive a photocopy of the claim or see that it was time-stamped, and was not given a claim number. In the absence of any evidence that the claim was filed in 1996, the Court finds that plaintiff fails to satisfy his burden of showing that he timely served the appropriate federal agency, the VA.

Plaintiff applied for disability benefits from the VA based on the same injuries he allegedly received when he fell on December 2, 1994, as are at issue herein.  The evidence

10

before the Court only shows that when plaintiff allegedly contacted the VA to inquire about his tort claim, he referenced his disability claim. The three relevant Statements in Support of Claim which either discuss the December 2, 1994 incident and/or specifically refer to the tort claim, were submitted in plaintiff's disability benefits claim.[8] The forms identify the claim number C 24 861 116, the disability claim number, and the pre-printed language on the Statement in Support of Claim form states, "The following statement is made in connection with a claim for benefits in the case of the above-named veteran." "Benefits" refers to disability benefits as opposed to an administrative tort claim.

Moreover, the undisputed evidence shows that plaintiff was in possession of the original Standard 95 form prior to filing it in February 2006. It is plaintiff's position that defendant had the original until it was returned to him. Defendant, however, presents evidence showing that the VA does not return original documents without first making a

---

[8]  In the December 31, 1998 Statement in Support of Claim, submitted in support of his disability claim, plaintiff restated the facts giving rise to the claim herein and asserted that he disagreed with the VA's prior "rating decision." (Doc. 11 Ex. A) In a December 14, 1999 Statement in Support of Claim again submitted in support of his disability claim, plaintiff referred to his tort claim in his discussion disagreeing with the outcome of his disability claim: "Standard Form 95 dated 11-29-96 for Claim for Damage, Injury, or Death was filed within the (2) two year period for filing a FTCA claim..." (*Id.* Ex. B) In another Statement in Support of Claim, dated July 22, 2005, also submitted in the disability claim and disputing the disability determination, plaintiff states, "I filed a Standard Form 95 on November 29, 1996, and submitted this to the Department of Veteran Affairs. There has never been any response sent to me regarding this matter..." (Doc. 26 Ex. 4) Although unclear, this latter reference may have prompted defendant to request the claim from plaintiff as plaintiff avers that at some point in 2006 he was told by defendant to send the claim to the regional counsel. The claim is date- stamped by the regional counsel in February 2006. Plaintiff then met with an attorney at the regional counsel's office in March 2007 and answered questions as to why the claim was not received until 2006.

11

certified copy to be retained in the claims file maintained by defendant, and that no such certified copy was ever made. Additionally, plaintiff's statements under oath are contradictory as to when the original was supposedly returned. Plaintiff first stated in his affidavit that "over a year later [from November 29, 1996] the original Form 95 was returned" to him. Plaintiff later testified at deposition that the VA sent the form back to him sometime in 2005. But, plaintiff also testified that he believed that he received the original form back after requesting that a copy of his file be sent to him. Moore's declaration establishes that plaintiff made a second request for his claims folder in June 1997 which was sent to him on August 21, 1997. Plaintiff does not dispute this evidence. Finally, plaintiff acknowledged at deposition that he met with an attorney at the regional counsel's office in March 2007, and that he recalled saying that he did not know when he received the original Standard Form 95 back but that it was returned when he asked for the papers back.

There is no evidence that the VA was in possession of the SF-95 claim form prior to February 14, 2006. This Court cannot assume that the claim was filed in 1996 based on reference to it in plaintiff's disability claim statements. The Sixth Circuit has cautioned, "The circumstances of the waiver of sovereign immunity must be scrupulously observed and not expanded by the courts." *Blakely v. United States,* 276 F.3d 853 (6th Cir. 2002)(citations and internal brackets omitted).[9]

---

[9]    Defendant asks this Court to find that plaintiff's request for the return of the SF-95 claim form constitutes a withdrawal of the claim. At least one circuit has found that the withdrawal of an administrative claim from an agency triggers the six month limitations period for filing suit in the district court. *Arigo v. United States,* 980 F.2d 1159 (8th Cir. 1992). Defendant reasons that because plaintiff received the claim form back as early as 1997, or as late as 2005, the claim would be time-barred. The Court, however, cannot find with certainty that plaintiff

Finally, the Code of Federal Regulations state in relevant part:

**§ 14.2 Administrative claim; when presented.**

(a) ... [A] claim shall be deemed to have been presented when a Federal agency receives from a claimant ... an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain for injury ... alleged to have occurred by reason of the incident.

28 C.F.R. § 14.2(a).

As discussed above, there is no evidence that the VA actually received an executed Standard Form 95 from plaintiff. Moreover, even assuming plaintiff's later Statements in Support of Claim filed in his disability case could be considered "other written notification" of the incident, these were submitted well beyond two years after the date of the incident.

Courts strictly construe the receipt requirement. The Ninth Circuit has repeatedly rejected even evidence that a Standard Form 95 was timely mailed to the appropriate agency where there was no evidence that it was ever *received* by the agency. *Estes v. United States,* 302 Fed. Appx. 563 (9th Cir. 2008); *Vacek v. United States Postal* Service, 447 F.#d 1248 (9th Cir. 2006) (The court affirmed dismissal of the case for lack of subject matter jurisdiction despite plaintiff's counsel's declaration testimony that he timely prepared and mailed the proper claim to the agency. The agency provided affidavits attesting that the claim was never received. Although plaintiff's counsel had several communications with the agency, counsel did not verify that the claim had been received.); *Bailey v. United States,* 642 F.2d 344 (9th Cir. 1981) (Although the government accepted that the claim form had been mailed, it

---

specifically requested the return of the SF-95 form and, as such, declines to take the position urged by defendant.

presented evidence that the claim had never been received. On this basis, the claim was not "presented," i.e., "received" by the agency.)

The Sixth Circuit has agreed, citing *Bailey*, that the "mere mailing of documents does not constitute presentment within the meaning of 28 U.S.C. § 2401(b)." *Willis v. United States,* 1992 WL 180181 (6th Cir. July 29, 1992). There, the claim was barred by the two-year statute of limitations where the Standard Form 95 claim was timely mailed but not received by the agency prior to the expiration date.

Here, plaintiff presents only his testimony that he hand-delivered his claim. There is no evidence that it was ever timely received. For these reasons, the Court lacks subject matter jurisdiction over plaintiff's Complaint.

**(2) Insufficiency of Process**

In actions against the United States, such as this one, Fed.R.Civ.P. 4 provides in relevant part:

**(i) Serving the United States and Its Agencies, Corporations, Officers, or Employees.**

(1) **United States**. To serve the United States, a party must:

(A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought--or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk--or

(ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;

(B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and

\*\*\*

> (2) **Agency; Corporation; Officer or Employee Sued in an Official Capacity**. To serve a United States agency or corporation, or a United States officer or employee sued only in an official capacity, a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee.

Defendant states that plaintiff failed to perfect service on the agency, i.e., Department of Veterans Affairs, or the Attorney General of the United States within the 120 days permitted after the filing of the Complaint. [10]  Consequently, defendant asks the Court to dismiss the Complaint.

Plaintiff acknowledges his failure and demonstrates that he has now served the agency and the Attorney General by certified mail.

Fed.R.Civ.P. 4(i)(4)(A) states, "The court must allow a party a reasonable time to cure its failure to serve a person required to be served under Rule 4(i)(2), if the party has served either the United States attorney or the Attorney General of the United States..."

As plaintiff had timely served the United States, the Court will allow him to cure the failure to serve the agency and the Attorney General.  Additionally, defendant does not dispute that plaintiff has now perfected service.

Defendant's request for dismissal on the ground of insufficiency of service is denied.

**Conclusion**

For the foregoing reasons, Defendant United States of America's Motion for Summary

---

[10]  Plaintiff served the United States via the United States attorney pursuant to Fed.R.Civ.P. 4(i)(1)(A).

15

Judgment is granted.

      IT IS SO ORDERED.


                                           /s/ Patricia A. Gaughan
                                           PATRICIA A. GAUGHAN
                                           United States District Judge

Dated: 10/13/10